## RICHARDS *v.* DAY.

*(Supreme Court, General Term, Fifth Department.* March, 1892.)

PAROL EVIDENCE TO CHANGE CONDITIONS OF A BOND.

　　Where a bond was interposed as a counterclaim, and the reply did not allege that it was procured by fraud, or was executed under a mutual mistake, nor seek a reformation, it was error to allow plaintiff, by parol evidence, to show that the bond was given on certain conditions, not expressed therein.

Appeal from circuit court, Monroe county.

Action by John H. Richards against Samuel H. Day, executor of the will of Elizabeth Davis, deceased. From so much and such part of the judgment as dismissed the counterclaim of defendant, and granted judgment as to such counterclaim in favor of plaintiff, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Cassius C. Davy,* for appellant. *George F. Yeoman,* for respondent.

LEWIS, J. The plaintiff in his complaint alleged that Elizabeth Davis, deceased, became indebted to him in the sum of $260, for services rendered to her. The defendant interposed an answer, denying the indebtedness, and setting up as a counterclaim to the plaintiff's cause of action a bond executed by the plaintiff and his wife, Helen J. Richards, to the deceased, dated the 22d day of December, 1880, conditioned to pay to the deceased, during her lifetime, the interest annually upon the sum of $3,500, and that there was due and unpaid upon the said bond at the time of the decease of the said Elizabeth Davis the sum of $701.63, and demanded judgment against the plaintiff for that sum, with interest. The plaintiff, by his reply, denied the execution and delivery of the bond, and alleged that it had been fully paid and discharged; and for a third defense the plaintiff alleged that the said bond was signed and delivered to defendant's testatrix by plaintiff's wife, Helen J. Richards, in consideration of an agreement between them that the testatrix was to release said Helen J. Richards from making any further payments on said bond after the death of the testatrix, whether all the yearly payments of interest thereon had been paid or not. The defendant produced the bond at the trial, and gave evidence tending to show that the amount claimed in his answer was due and unpaid thereon. The plaintiff was allowed to give parol evidence, under the objection of the defendant that the evidence was immaterial, incompetent, and tending to vary the contract; that the testatrix gave to each of her children, including the wife of the plaintiff, $3,500 upon condition that they should each give to the deceased a bond conditioned to pay to the deceased during her lifetime, annually, the interest upon the bond, if the deceased needed the interest for her support; and that, in case at the time of the death of the deceased any of the payments should not have been made, the maker of the bond should not be liable to pay the same after her decease; that the parties appeared before a justice of the peace, to have the bond prepared, and stated to him the terms of the contract, and requested him to prepare the bond, and, the justice not being able then to prepare it, at his suggestion the plaintiff and his wife signed their names to a blank bond, the justice agreeing to fill it out thereafter; that the bond set out in the defendant's answer was prepared by the justice, and delivered to the deceased, and the annual payments of interest were made thereon for the years 1881 to 1886, inclusive. The plaintiff's wife died in 1885, and the plaintiff made the payment of interest upon the bond for the year 1886. At the close of the evidence the defendant's counsel asked the court to direct a verdict in favor of the defendant for the amount due on the bond. The request was denied, and thereupon the plaintiff's counsel asked the court to direct a nonsuit in reference to the counterclaim of the defendant, which motion was granted, and the defendant excepted. It is not claimed in the plaintiff's reply that the bond was procured by fraud; nor is

there any allegation that it was executed under any mutual mistake of the parties. It was simply alleged that it was signed and delivered in consideration of an oral agreement between the parties that the testatrix was to release the maker, Helen J. Richards, from making any further payments on the bond after the death of the testatrix, whether all the yearly payments of interest had been made thereon or not. There was no demand for a reformation of the bond. We do not think, under the state of the pleadings, that parol evidence was admissible to contradict the bond. If it did not express the true agreement, the plaintiff should have interposed a reply asking for its reformation. The testimony introduced to show that the bond did not in fact express the agreement is not very satisfactory. It comes from a son of the deceased. He testifies as to conversations in the presence of the deceased prior to the drawing of the bond. It appears from the testimony of the plaintiff that he made a payment of interest upon the bond in the year 1886, making the indorsement thereon himself, and that when he was shown the bond after the death of the deceased he made no objections to its terms. The plaintiff called as a witness Chauncey Brainard, who testified to a conversation with the deceased, in which the deceased stated that she had given her money to her children, and that they were to pay her the interest during her lifetime; thereby negativing the claim of the plaintiff that the payments of interest which might be unpaid at the death of the obligee were not to be paid. It was error in the trial court to admit the evidence to contradict the conditions of the bond. Defendant established his counterclaim, and was entitled to recover it of the plaintiff. So much of the judgment as is appealed from should be reversed, and a new trial granted, with costs to abide the event.

All concur.